## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. _____

| | |
|---|---|
| **ROY S. SHIVER, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **THE CITY OF HOMESTEAD, Florida** | ) |
| **GEORGE GRETSAS,** | ) |
| **ALEXANDER ROLLE,** | ) |
| **TOM MEAD,** | ) |
| **RICKY RIVERA,** | ) |
| **Defendants.** | ) |
| _____/ | |

## AMENDED COMPLAINT

Plaintiff, ROY S. ("STEVE") SHIVER, JR., sues Defendants, as follows:

1.      This is an action to recover compensatory damages in excess of the jurisdictional limit of this Court for violations of 42 U.S.C. §1983 *et seq.* against Defendants for deprivation of rights, privileges and immunities secured by the federal and state Constitutions as well as for supplemental claims.

## JURISDICTION AND VENUE

2.      The City of Homestead, former City Manager George Gretsas, Police Chief Alexander Rolle, and Homestead Detectives Ricky Rivera and Tom Mead, were all part of a continuing conspiracy and/or tort to violate Plaintiff's civil rights, as alleged in detail below.

3.      Through an unlikely turn of events in the Summer of 2020, proof of the violations was found on flash-drives left in the office of George Gretsas when he was fired from a subsequent job in the City of Delray Beach in Palm Beach County.  On the flash-drives, City Manager Gretsas

Case No _____

had maintained a Dossier on Plaintiff with false, defamatory, and/or illegally obtained information, which he strategically deployed and disclosed to third parties against Plaintiff as Manager Gretsas deemed advantageous.  The Dossier and its contents, themselves public records, led the way to further public records requests of private and public emails from various employees, elected officials, residents, and the media, which ultimately brought to light the extent of the deprivations of Plaintiff's rights, privileges and immunities secured by the U.S. Constitution and Federal Law, all under color of state law.

4.      The said Dossiers and their contents became public records, as they were created to perpetuate, communicate, or formalize knowledge within the scope of Defendant Gretsas' employment by the City.  Creation and placement of documents in the public records amounts to publication of the said documents.  Moreover, numerous portions of the said Dossiers icontaining private and false information, including document(s) concerning Plaintiff, were later strategically disclosed and published by Defendant Gretsas within the scope of his employment by the City.

5.      These deprivations and violations of law, which are described in greater detail below, have been part of an ongoing pattern, and custom or policy in the City of Homestead until at least December 2019, and were only discovered in their full extent in 2020, as also described below.  The said custom or policy caused the damages alleged herein.

6.      This Court has jurisdiction over the subject matter and the persons in this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 (violation of Civil Rights); 18 U.S.C. §2721 et seq. (unlawful disclosure of motor vehicle record); 28 U.S.C. § 1331 (civil actions arising under the Constitution, laws, or treaties of the United States); 18 U.S.C. §2724 (Drivers Privacy Protections Act); 28 U.S.C. §1367(a) (supplemental jurisdiction); and the First, Fourth, Fifth, Fourteenth Amendments to the United States Constitution.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

7.      Venue in this Court is proper under 28 U.S.C. § 1391.


## INTRODUCTION

8.      Defendant George Gretsas was the City of Homestead City Manager from November 22, 2010 to January 3, 2020.  He misused the authority of the state to illegally gather, write up, maintain, and distribute private and/or false information for a number of individuals for whom he maintained City Dossiers, including Plaintiff.

9.      Homestead City Manager Gretsas misused City resources without public purpose or benefit, including police detectives, numerous City employees directly reporting to him, and tax-payer funded city attorneys, to gather the information about Plaintiff in the Dossiers, and disseminated the illegally gathered information strategically to damage Plaintiff when advantageous to Gretsas and/or some of his co-defendants.

10.      The City of Homestead, by and through its manager, police chief, the mayor at the time, and some members of the City Council, knew of this practice and policy, and acquiesced to and/or ratified such unlawful behavior through its final policy makers. All Defendants at all times acted under color of state law.

11.      Additional individuals and entities thus became aware of some of the illegally gathered and maintained Dossiers, and may have wittingly or unwittingly accepted and enabled the Defendants' conduct.

12.      The willful and wanton violations of the Plaintiff's legal rights under color of state law shock the conscience, requiring compensatory and/or punitive damages against those participating, as permitted by law.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

13.     Defendants Gretsas and Rolle had supervisory liability in that they were authorized decision-makers who either ordered the constitutional violations alleged below or were aware of them and countenanced them, and thus proximately caused Plaintiff's damages.

14.     Upon information and belief, Defendants Gretsas and Rolle directed employees and agents of the City of Homestead to perpetrate the illegal actions set forth below.  In the alternative, Defendant Gretsas and Rolle failed to intervene and to stop the known unlawful actions of their subordinates.

15.     Defendants Gretsas' and Rolle's unlawful conduct and failure to stop such unlawful conduct in their supervisory capacities caused the violation of Plaintiff's clearly established constitutional rights of which a reasonable person would have known, all as more fully set forth below. A reasonable person in the situation Defendants confronted would have known that the conduct set forth below was unlawful.

**PLAINTIFF**

16.     Plaintiff was at times material to the allegations a citizen and resident of Miami Dade County, Florida.  A life-long resident of Homestead, he served three terms on the Homestead municipal council, of which two were as mayor. He was later appointed County Manager for Miami-Dade until 2003, when he continued his career in the private sector as a broker, state certified building contractor, investor and entrepreneur.

17.     Upon information and belief, Defendant Gretsas assembled a Dossier against Plaintiff as early as 2013 and through 2019, when Plaintiff ran for mayor of Homestead. Throughout that time, and specifically when Plaintiff ran for mayor, Defendant Gretsas, under color of state law, released false and misleading information he had gathered and created against

4

Case No _____

Plaintiff within the scope of his employment, causing the latter to be terminated from his job, publicly humiliated and ultimately losing the race for mayor.

## THE DEFENDANTS

18.     Defendant City of Homestead, Florida, is a municipality in Miami-Dade, Florida. The City of Homestead is and was a "person" as envisioned by 42 U.S.C. §1983.  At all times, The City of Homestead acted toward Plaintiff under color of state law.

19.     Defendant, George Gretsas, was at times material City Manager of the City of Homestead.  He was the chief executive officer of the City of Homestead, having ultimate and final policy-making authority and power over all personnel decisions, public records policy, and over policing policy.  George Gretsas acted at all times towards Plaintiff under color of state law. Under Homestead's Charter, the City Manager is appointed by, and serves at the pleasure, of the City Council and the Mayor of Homestead.

20.     Defendant Alexander Rolle was at all times material the police chief of the City of Homestead.  As such, he was the policy maker for the daily policing activities of the officers and support staff of the City of Homestead Police Department  and was aware of and approved of violations of legal rights of the Plaintiff.  He directed that the violations occur, authorized the violations, hid violations, and/or agreed to his subordinates' decisions to engage in the violations and/or subsequent cover ups. He acted at all times towards Plaintiff under color of state law. Defendant Rolle is appointed by, and subordinate to, the Homestead City Manager.

21.     Defendants Mead and Rivera at all times material were police detectives with the City of Homestead. Within the scope of their employment, they illegally investigated Plaintiff outside of any approved police investigation and violated Plaintiff's rights in other ways, all as more fully set forth below.  In doing so, they acted under color of state law.

5

Case No _____

22.     After a successful career as Homestead Councilman and Mayor, and later as Miami-Dade County Manager, Plaintiff joined the private sector as businessman and investor in 2004. He later also served a brief time as City Manager of the City of Opa-Locka,  Florida, and subsequently as Executive Director with the South Florida Police Benevolent Association ("SFPBA")

23.     Throughout his career, Plaintiff remained engaged in politics and civic causes in his hometown and thus became a target of the illegal conduct by Defendant Gretsas.

24.     Gretsas, aided by others, began to surveil Plaintiff unbeknownst to Plaintiff as early as 2013.  He used public resources of the City of Homestead to gather information against Plaintiff.

25.     In 2017, Plaintiff criticized and raised questions about significant construction projects proposed or supported by Gretsas, and then ran for mayor of Homestead in July 2019, Defendant Gretsas communicated the false and misleading information about Plaintiff he had gathered with City resources to third parties, including without limitation, Homestead's mayor and council people, civic leaders, and various members of the media.

26.     In 2019, Defendant Gretsas ultimately directed Homestead police officers and police union members to contact Plaintiff's employer, where they gave largely false or misleading information about Plaintiff, ultimately causing the employer to ask Plaintiff to resign, which he did.

27.     City police officers followed and investigated Plaintiff and his associates without probable cause or reasonable suspicion of illegal activities on Plaintiff's part, solely for the purpose of developing politically damaging information about Plaintiff.

28.     That the City knowingly permitted Gretsas conduct, and even paid for attorneys to help gather information used by Gretsas against Plaintiff, shocks the consciousness of fair-minded persons.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

29.    The extent of Defendants' misconduct became apparent in 2020, when Defendant Gretsas' flash drives were discovered, showing numerous pieces of private, and confidential information about Plaintiff and others that could only have been collected by law enforcement resources and which in some cases were illegal to possess by non-authorized persons, such as Gretsas.

30.    Subsequent public information requests showed the extent of Homestead's and Defendant Gretsas' well-orchestrated campaign against Plaintiff, including emails demonstrating how information against Plaintiff was collected and – in some cases – created from whole cloth.

31.    The false, and illegally gathered documents and information in Plaintiff's Dossier on the flash drives included a 228-page PowerPoint presentation labeled "Miami Herald," connecting various quotes and headlines from politically charged articles and anonymous blogs spanning 20 years of Plaintiff Shiver's life in both the public and private sectors, some of which are demonstrably false.

32.    Also on the flash drives was the flow chart showing an entirely fake money laundering investigation deployed against former Homestead Police Captain William Rea, where Plaintiff is shown as a co-conspirator in the non-existing money laundering scheme.  In reality, there never was such an investigation, and there definitely never was any money laundering activity on the part of Plaintiff. The fake money-laundering flow-chart also included family members of Plaintiff and businesses associated with them.

33.    A further section of the flash drives and secret emails show that Homestead Police tailed Plaintiff and/or Plaintiff's business associates without cause or reason, and reported back to Plaintiff Gretsas about their "findings."  In some cases, they took secret photographs, all entirely outside the bounds of any official investigation into any wrongdoing, and far outside the

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Homestead city limits. The Homestead police thus acted as a rogue squad controlled by Defendant Gretsas for purposes not related to the legitimate exercise of Homestead's police power.

34.     One of the more shocking discoveries on the flash drives was a four-page fact sheet on Plaintiff, containing numerous pieces of personal information, such as complete credit card numbers and passwords, complete bank account numbers, Plaintiff's children's health insurance information, social security numbers, prescriptions and medications of his entire family, and the false allegation that cocaine was found in Plaintiff's possession.

35.     It was evident from the information on the flash drives that federal, state and local protected databases were illegally accessed by Homestead representatives to assemble some of Plaintiff's private information that became a Homestead public record in the hands of its Manager Gretsas.

36.     Another discovered document shows specific instructions from Defendant Gretsas to Homestead Detective Mead (also detached to the FBI) and Officer Rivera to dig up information on Plaintiff. The officers were directed by Defendant Gretsas outside any formal investigation to spare no efforts to find dirt on Plaintiff.  Defendant Gretsas' instructions were to use North Carolina and Tennessee records, divorces, bankruptcy, and information of the attorney general of North Carolina and Tennessee to find any possible adverse information on Plaintiff.

37.     Further, Detective Mead, a Homestead Detective detached to the FBI, actually obtained and then sent two Banking Suspicious Activity Reports ("SARs") regarding Plaintiff and other city officials to Defendant Gretsas via Gretsas' personal Gmail account.  Gretsas then stored them on the City flash drives, rendering them public records. While the activity reported in the SARs was not improper or illegal, the mere possession of SARs by Manager Gretsas and

CLAUDIO RIEDI, P.A.

1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

dissemination of this information by a seasoned Detective detached to the FBI from the the City of Homestead is illegal and a federal crime.

38.     Perhaps the worst discovery developed from the flash drives and emails retrieved in public information requests was a scheme of Defendant Gretsas to collect physical "evidence" from the garbage of Plaintiff.  The email chains later discovered clearly show that Plaitiff's garbage was "collected" by a private individual outside of the City boundaries, and then transported to a location inside the City limits and placed in the back of a pick-up truck, to be collected there by Homestead police.  The garbage bag allegedly contained straws with residue of cocaine and other incriminating items. Defendant Gretsas willingly accepted the garbage from the private individual who claimed to have collected it from Plaintiff's house, and integrated some information gleaned from the alleged Plaintiff trash into his PowerPoint presentations and lengthy memorandum to damage Plaintiff.

39.     All the "information" developed by Defendant Gretsas and given by Gretsas to the media was published to damage a private individual, Plaintiff.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. §1983

40.     Plaintiff realleges and reavers paragraphs 1 through 39.

41.     This is an action by Plaintiff against each of the City of Homestead, George Gretsas, Police Chief Alexander Rolle, Detective Rivera, and Detective Mead, as specified below, to redress the deprivation, under color of state law, statute, custom or usage, of rights, privileges and immunities secured to Plaintiff by the Constitution. The said violations were ongoing and continued until 2020.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

42.    Each of the foregoing Defendants, through their own actions set forth above, violated the US Constitution. Each of these Defendants either personally participated in the constitutional violations or caused the constitutional violations to occur.

43.    The City, acting through its manager and/or police chief, had a pattern, custom and/or policy that constituted and evinced deliberate indifference to Plaintiff's constitutional rights, and said policy caused damages to Plaintiff. The said policy consisted of investigating Plaintiff using governmental resources without probable cause, and to use and communicate the improperly gathered information for political purposes to harm Plaintiff's person and reputation.

44.    Defendants' pattern, custom and/or policy is further evidenced by similar violations of constitutional rights with regards to William Rea, Vanessa and Eric McDonough, and Ednamarie Hernanzez, which are more fully alleged in the original Complaint in this matter and in separate legal actions brought by them against the various Defendants at this time.

45.    Defendant's Policy and pattern of constitutional violations was the driving force behind Plaintiff's injuries alleged below.

46.    Plaintiff enjoys the following rights, privileges and immunities, created by the Fourteenth Amendment to the Constitution of the United States:

> No state shall make or enforce any law which shall abridge the privileges, or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Accordingly, any violations by state actors, such as the City of Homestead and the Defendants named herein, of Plaintiff's rights, privileges and immunities guaranteed by the U.S. Constitution, under color of law, are actionable.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue | Suite 507 | Miami, Florida 33131 | Tel. 305 760 8544 | Fax. 305 356 5720 | CriediPA@gmail.com

Case No _____

47.    Plaintiff enjoys the following rights, privileges and immunities, created under the First Amendment to the Constitution of the United States:

> Congress shall make no law … abridging the freedom of speech or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Plaintiff's First Amendment rights were violated by Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera, when they retaliated against Plaintiff for his exercise of his First Amendment rights.

48.    Plaintiff, in speaking out against City construction projects and other civic matters, and in running and campaigning for mayor of Homestead, engaged in constitutionally protected conduct.

49.    Plaintiff became subject to an adverse action by the stated Defendants, when City officers were ordered to, and did on fact follow and/or photograph Plaintiff and his associates during protected speech activities, when they placed photos showing Plaintiff's exercising his legal public speech activities in the public records of Homestead, when they communicated falsehoods about Plaintiff to the press, and when they otherwise disseminated false and/or confidential information in the Dossier to various persons, in retaliation for Plaintiff's  exercise of his constitutionally protected rights.

50.    Plaintiff's constitutionally protected conduct was a substantial or motivating factor in the adverse actions taken by the Defendants.

51.    Plaintiff's speech concerned matters of 'public concern.'

52.    The interest of Plaintiff as a citizen in commenting on matters of public concern outweighs the Defendants' interest in promoting the efficiency of the public services they perform.

11

Case No _____

53.     Defendants' adverse action caused Plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that free speech activity; and

54.     Defendants' adverse action was motivated at least in part as a response to the exercise of the Plaintiff's constitutional rights.

55.     Plaintiff enjoys the following rights, privileges and immunities, created under the Fourth Amendment to the Constitution of the United States:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated…but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

56.     Plaintiff's Fourth Amendment rights were violated by Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera, when Plaintiff's personal effects and property were searched by agents of Defendants without probable cause or warrant, and when the City and Manager Gretsas took possession of the fruit of a warrantless search and seizure of Plaintiff's property.

57.     Plaintiff's rights, immunities and privileges under the Fourth Amendment were further violated when Defendants or their agents illegally, without probable cause or warrant, accessed Plaintiff's private information and computer records and retrieved and or retained passwords and security questions and/or other private information, and listed the same in Homestead public records.

58.     City employees also followed Plaintiff and/or Plaintiff's associates and photographed him surreptitiously without probable cause or warrant when he was distributing elections materials in Miami Dade, and included such photographs in Plaintiff's Dossier and ultimately in the article drafted by Gretsas or his associates for the Miami Hearld.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

59.     Plaintiff has a protectable, reasonable expectation of privacy in his home and in his personal affairs, including in his exercise of First Amendment rights. He did not authorize the search of his private property, nor the search of his private, confidential electronic information by Defendants or agents of Defendants.

60.     Defendants Rivera and Mead, with the knowledge and approval of their superiors, investigated Plaintiff using Homestead police and public resources, and knowing full well that there was no cause or public purpose for such an investigation other than a desire to damage Plaintiff.

61.     Homestead representatives accessed databases and public records to which they did not have access outside of a legitimate government investigation, and thus did not obtain the information concerning Plaintiff through authorized channels.

62.     Plaintiff had an expectation of privacy in the information illegitimately gathered by Defendants, an expectation that society is prepared to accept as reasonable.

63.     By conducting an investigation into Plaintiff's private affairs outside the bounds of a legitimate investigation and solely for purposes unrelated to legitimate police investigations, Defendants violated an interest legitimately protected by the Fourth Amendment.

64.     Plaintiff was damaged as a result of Defendants' violation of his constitutional rights.

65.     Plaintiff further enjoys the following rights, privileges and immunities, created under the Fifth Amendment to the Constitution of the United States:

> No person shall be … deprived of life, liberty, or property without
> due process of law.

13

Case No _____

Plaintiff's Fifth Amendment rights were violated by each of Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detective Rivera, when they deprived him of his private personal information and his right to seek gainful employment and to seek elected office in Homestead without due process of law without due process of law.

66.     Plaintiff was damaged as a result of Defendants' violation of his constitutional rights.

67.     Defendants' actions in violating Plaintiff's civil rights under color of state law were malicious and wanton.

WHEREFORE, Plaintiff prays that this Court will

    a.   Enter judgment for Plaintiff and against each Defendant named in this Count for compensatory, nominal and punitive damages.

    b.   Award Plaintiff the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

    c.   Grant such other and further relief as is just.

**COUNT II**
**VIOLATION OF DRIVERS INFORMATION PROTECTION ACT**
**(18 U.S.C. §2721 et seq.)_**

68.     Plaintiff realleges and reavers paragraphs 1 through 21, 24, 27, and 35-36.

69.     This is an action by Plaintiff Shiver against Defendants City of Homestead, Gretsas, and Rivera for violation of Plaintiff Shiver's rights under the Drivers Privacy Protection Act, 18 U.S.C. §2721 et seq.

70.     This Court has jurisdiction to adjudicate this claim pursuant to 18 U.S.C. 2724.

71.     In illegally gathering and placing in the public record confidential vehicle information concerning Plaintiff Shiver, as more fully alleged above, Defendants violated 18

14

Case No _____

U.S.C. §2722 (Prohibition on release and use of certain personal information from state motor vehicle records related to illegal searches of DAVID/NCIC/FCIC databases), to wit:

> (a)   **Procurement for unlawful purpose**:  It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title.
>
> (b)   **False Representation.—**it shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.

72.     Defendants City of Homestead, Gretsas and Rivera knowingly obtained, disclosed and used personal information of Plaintiff Shiver from a motor vehicle record, for a purpose not permitted under this chapter.

73.     The Drivers Information Protection Act was violated by Defendants City of Homestead, Gretsas and Rivera, when one or more of them knowingly obtained, disclosed or used the personal information of Plaintiff from the DAVID/NCIC/FCIC motor vehicle record for a use not permitted and by making a false representation to obtain information concerning Plaintiff.

74.     Plaintiff Shiver was damaged as a result of Defendants' actions.

WHEREFORE, Plaintiff Shiver prays that this Court will enter judgment for Plaintiff Shiver and against all Defendants named in this Count for actual damages, punitive damages, reasonable attorneys fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the court determines to be appropriate.

.

CLAUDIO RIEDI, P.A.

1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

## COUNT III:
## VIOLATION OF ART. I., SECTION 12, FLA. CONST.

75.     Plaintiff realleges and reavers paragraphs 1 through 21, 24, 27, 29-30, 33-38, and 56-65.

76.     This state law claim is asserted against Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera under this Court's supplemental jurisdiction.

77.     Plaintiff's rights, immunities and privileges under Article I, Section 12 of the Florida Constitution (the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means) were violated by Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera, when Plaintiff's personal effects and property were searched and seized by agents of Defendants without probable cause or warrant

78.     Such rights, immunities and privileges were further violated by Defendants City of Homestead and Gretsas when they took possession of the fruit of a warrantless search and seizure of Plaintiff's property.

79.     Such rights, immunities and privileges were further violated by Defendants or their agents when they illegally accessed Plaintiff's computer records and retrieved passwords and security questions, and listed the same in City public records.

80.     Plaintiff was damaged as a result of Defendants' violations set forth in this Count.

WHEREFORE, Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendants.

16

Case No _____

## COUNT IV:
## VIOLATION OF ART. I., SECTION 23, FLA. CONST.

81.     Plaintiff realleges and reavers paragraphs 1 through 21, 24, 27, 29-30, 33-38, and 56-65.

82.     This state law claim is asserted against Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera under this Court's supplemental jurisdiction.

83.     Plaintiff enjoys the rights, privileges and immunities, under Article I, Section 23 of the Florida Constitution to be let alone and free from governmental intrusion into the person's private life.

84.     Plaintiff's rights, immunities and privileges under Article I, Section 23 of the Florida Constitution were violated by Defendants City of Homestead, George Gretsas, Police Chief Alexander Rolle, and Detectives Mead and Rivera, when Plaintiff's personal effects and property were searched by Defendants without probable cause or warrant, and when the City and Manager Gretsas took possession of the fruit of a warrantless search and seizure of Plaintiff's property.

85.     Plaintiff's rights, immunities and privileges under Article I, Section 23 of the Florida Constitution were further violated Defendants or their agents illegally accessed Plaintiff's computer records and retrieved passwords and security questions, and listed the same in City public records.

86.     Plaintiff was damaged as a result of Defendants' violations set forth in this Count.

WHEREFORE, Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendants.

17

Case No _____

## COUNT V:
## PUBLIC DISCLOSURE OF PRIVATE FACTS

87.     Plaintiff realleges and reavers paragraphs 1 through 21, 27-30, 32-35, and 37-39.

88.     This state law claim is asserted against Defendant City of Homestead and Defendant Gretsas under this Court's supplemental jurisdiction.

89.     Plaintiff enjoys the rights and protections of Florida common law against public disclosure of private facts.

90.     Plaintiff's rights, immunities and privileges under Florida's common law prohibiting public disclosure of private facts were violated by Defendants City of Homestead and George Gretsas, when they collected, maintained in public records, and distributed the aforementioned private and confidential facts of Plaintiff.

91.     The information of Plaintiff was private when collected, but became a public record when placed on the computers and/or flash drives of Defendant Gretsas, and thereafter disseminated to whomever Defendant Gretsas deemed advantageous to further damage Plaintiff.

92.     The said private information included, without limitation, Plaintiff's complete credit card numbers and passwords, complete bank account numbers, social security numbers, prescriptions and medications.

93.     Plaintiff was damaged as a result of Defendants' violation of his constitutional rights.

WHEREFORE, Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendants.

18

Case No _____

## COUNT VI:
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSIP

94.      Plaintiff realleges and reavers paragraphs 1 through 22 and 25.

95.      This state law claim is asserted against Defendants City of Homestead, Gretsas and Mead under this Court's supplemental jurisdiction.

96.      Plaintiff enjoys the rights and protections of Florida common law against intentional interference with contractual relationships.

97.      Plaintiff's rights, immunities and privileges under Florida's common law prohibiting interference with contractual relationships were violated by Defendants City of Homestead, Detectives Rivera and Mead, and those who gave orders to Detective Mead to take such actions, when he and other Homestead police personnel contacted Plaintiff's employer, and communicated information to the employer with the goal of having the employer terminate the contract it had with Plaintiff.

98.      Plaintiff had a business and contractual relationship with the South Florida Police Benevolent Association, where he was gainfully employed, under which relationship Plaintiff had legal rights as an employee.

99.      The Defendants knew of that relationship, and thus contacted the South Florida Police Benevolent Association to interfere in Plaintiff's business and contractual rights.

100.     Defendants intentionally and without justification interfered in Plaintiff's business and contractual relationship with the South Florida Police Benevolent Association, which induced the South Florida Police Benevolent Association to demand Plaintiff's resignation, and to thus terminate the business and contractual relationship with Plaintiff.

19

Case No _____

101.  Plaintiff was damaged as a result of the termination of the said business and contractual relationship with the South Florida Police Benevolent Association caused by Defendants.

WHEREFORE, Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendants.

## COUNT VII:
## LIBEL/SLANDER

102.    Plaintiff realleges and reavers paragraphs 1 through 21, and 29, 31, 34, and 38-39.

103.    This state law claim is asserted against Defendant City of Homestead and Defendant Gretsas under this Court's supplemental jurisdiction.

104.    Plaintiff enjoys the rights and protections of Florida common law against Libel and Slander.

105.    Plaintiff's rights, immunities and privileges under Florida's common law prohibiting libel and slander were violated by Defendants City of Homestead and George Gretsas, when they communicated falsehoods concerning Plaintiff to members of the press, politicians, business people, and others.

106.    The said falsehoods, some also contained in the Dossier on Plaintiff, included a document sent to the Miami Herald on May 15, 2019, and shown to other persons, and other false documents.

108.    Defendant Gretsas also created a PowerPoint presentation to communicate, and did in fact communicate, untrue or misleading information about Plaintiff to the City Council, the Mayor, and members of the public and media.

20

Case No _____

109.    Defendant Gretsas also falsely stated that Plaintiff was hired to run a theme park in North Carolina and ran it into the ground.

110.    The said unprivileged falsehoods were communicated or published by Defendants knowing they were false, or with reckless disregard as to the falsity concerning Plaintiff, a private individual.

111.    The said communications were defamatory to Plaintiff, and caused actual damages to Plaintiff by destroying his reputation, and by making him held in lower regard by members of the public. They amounted to intentional misconduct, or at least to negligence on the part of Defendants.

112.    The said libelous and slanderous statements made by Defendants were retaliatory actions against Plaintiff, who was engaged in constitutionally protected activities, as more fully alleged above.

113.    As a direct, natural, foreseeable and proximate result of such actions and inactions of Defendants City of Homestead and Gretsas, Plaintiff suffered injuries and losses, including violation of his constitutional rights, extreme emotional distress, lost wages and benefits, and other economic loss, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendants Gretsas and City of Homestead for damages, including costs, and grant such other and further relief as is just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

CLAUDIO RIEDI, P.A.
1200 Brickell Avenue  |  Suite 507  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  CriediPA@gmail.com

Case No _____

Respectfully submitted,

CLAUDIO RIEDI, P.A.
Counsel for Plaintiff Roy S. Shiver
1200 Brickell Avenue, Suite 507
Miami, Florida 33131
Telephone: 305.760.8544
Facsimile: 305.356.5720


By: /s/ *Claudio Riedi, Esq.*

CLAUDIO RIEDI, ESQ.
Florida Bar No. 984930
CriediPA@gmail.com

OF COUNSEL
DEXTER W. LEHTINEN, ESQ
Florida Bar No. 265551
Email: dwlehtinen@aol.com